IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ADAM ERWIN,**

    **Plaintiff,**

    v.                          **CASE NO. 23-3256-JWL**

**JEFF ZMUDA, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

**I. Nature of the Matter before the Court**

Plaintiff initiated this action by filing a 40-page, 27-count Complaint. Plaintiff alleges that his Eighth Amendment rights were violated by the defendants' denial of adequate medical care for his Type 1 diabetes from September 1, 2020 to July 7, 2023 (except for 8 months in 2022). (Doc. 1, at 4.) Plaintiff asserts that this caused him severe pain, seizures, scrotal swelling, skin rashes, broken bones, and other chronic complications. *Id.*

Plaintiff names 27 defendants, including KDOC staff, staff from the El Dorado Correctional Facility ("EDCF"), staff from Aramark, and staff from Centurion. He includes 27 counts, one for each defendant. Plaintiff seeks relief in the form of:

    a) Prescribed diabetic diet to be served +/- 30 minutes cellhouse rules for meal times to enable proper/safe control of type 1 diabetes per community standards.

1

    b)  Prescribed insulin to be given same time meal served . . . or +/- 30 minutes cellhouse rules for meal times . . ..

    c)  Shelf stable protein of either 2 oz peanut butter, 1 high protein bar, or equivalent, so long as the protein source for the prescribed PM diabetic snack has at least 16 g carbohydrates (CHO) and 16 g protein all per the Registered Dietician (RD) who creates the prescribed diabetic diets . . .. Total snack must be at least 61 g CHO.

    d)  Prescribed diabetic diet to be followed strictly for portion sizes, items that are diet compliant if differ from menu, as written by Registered Dietician, and mistakes fixed within 30 minutes of insulin being given and/or blood sugar being checked . . ..

    e)  No gap in time between meals, and also between dinner and bedtime (H.S.) insulin/blood sugar check, of less than 4.5 hours or more than 7 hours . . ..

    f)  Carbohydrate (CHO) information for every item per portion size on prescribed diabetic menu . . . .

Doc. 1, at 37, 40.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff has raised these same claims or very similar claims in two prior cases before this Court. *See Erwin v. Zmuda, et al.*, Case No. 21-3213-SAC; *Erwin v. Zmuda, et al.*, Case No. 22-3170-JWL.  In Case No. 21-3213-SAC, Plaintiff alleged the denial of proper accommodations and care for his diabetic medical condition and named as defendants "Jeff Zmuda, EDCF's Warden and over 40 other defendants, most of whom work in some capacity at EDCF, some of whom are employed by Aramark Food Services, and some of whom are employed by Centurion." *Erwin v. Zmuda, et al.*, Case No. 21-3213, Doc. 10, at 1.  Plaintiff asserted constitutional violations and violations of the American with Disabilities Act. *Id*.  The Court entered a 39-page Memorandum and Order detailing the deficiencies in Plaintiff's complaint and ordering him to show good cause why the action should not be dismissed. *Id*.  Plaintiff failed to respond to the Court's Memorandum and Order, and on March 2, 2022, the Court entered a second Memorandum and Order denying Plaintiff's request for a preliminary injunction and dismissing Plaintiff's claims for the reasons set out in the Court's prior Memorandum and Order. *See id.*, Doc. 11.

In Case No. 22-3170-JWL, Plaintiff's claims also involved medical care for his Type 1 diabetes while housed at EDCF. *Erwin v. Zmuda, et al.*, Case No. 22-3170, Doc. 11. Plaintiff alleged Eighth Amendment violations and sought the following injunctive relief: "carbohydrate info for each item on my prescribed medical diet; regular timing of meals; regular timing of insulin; shelf stable protein in my snack sack on my prescribed medical diet." (Doc. 9, at 203.) The Court determined it needed additional information and ordered the appropriate officials at EDCF to prepare a *Martinez* Report. *Id.*, Doc. 11. After receiving and reviewing the Report, the Court found that "[t]he Report shows that Plaintiff has been provided with adequate medical care and Plaintiff's own conduct has interfered with his treatment. Plaintiff has not shown that a prison official both knew of and disregarded an excessive risk to Plaintiff's health or safety." *Id.*, Doc. 20, at 6. The Court gave Plaintiff an opportunity to show cause why his second amended complaint should not be dismissed for failure to state a claim. *Id.*, Doc. 20, at 7. Plaintiff failed to file a response after four extensions of time, and the Court dismissed the case for failure to state a claim upon which relief may be granted. *Id.*, Doc. 29. Plaintiff filed a Motion for Reconsideration (Doc. 31), which was denied (Doc. 32).

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed). "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. 2012) (unpublished).

Plaintiff names 27 defendants to his claims in the present case. All but one was named as a defendant in Case No. 22-3170, either specifically, by the same job title, or by fnu/lnu designation. The one exception is Dr. Gordon Harrod, described by Plaintiff as "Doctor for Centurion Health Services." (Doc. 1, at 10.) Plaintiff's allegations about Dr. Harrod are the same type of generalized allegations he makes against each defendant health care practitioner: Dr. Harrod allegedly violated Plaintiff's Eighth Amendment rights "by absence of professional judgment regarding treatment of Plaintiff Erwin's scrotal swelling, cellulitis (painful for months), type 1 diabetes, all of which were obviously not being treated per commonly accepted medical practices." (Doc. 1, at 28.) Plaintiff describes a claim of medical malpractice, not a claim of deliberate indifference resulting in cruel and unusual punishment.

In addition to the near duplication of defendants, Plaintiff's claims here substantially mirror his claims in the two prior complaints. Both of those complaints were found by this Court to fail to state a claim for violation of his Eighth Amendment rights. As the Court noted in Plaintiff's first lawsuit complaining of deficient medical care for his diabetes:

> This order nor its prior one should be read or understood as dismissive of the baseline seriousness for the care and treatment of a prisoner who has type 1 diabetes and is dependent on insulin. **The plaintiff's complaint, however, comes across as wanting a more comfortable prison rather than stopping an inhumane one.** See *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Erwin has alleged in detail his frustration over staff's delays, their inability to meet his schedule for meals and shots consistently and particularly now that he is in segregation, and their repeated failure to respond immediately to his complaints and concerns over their delays. Not directly alleged but inferable from his pleadings is that the defendants seem to appreciate the seriousness of his condition and to accommodate his physical needs and care with substitute foods and alternative measures to work around the lengthier, but only occasional, institutional breakdowns in delivering meals and care on schedule. As for all other delays, there is nothing alleged about their circumstances that approaches substantial harm or deliberate indifference.

6

> What is lacking from the plaintiff's allegations are the objective facts showing what medical care and treatment was ordered by medical staff for his specific condition and what, if any, substantial harm resulted from the delays. As fully discussed in the court's prior order, to be a sufficiently serious deprivation under the Eighth Amendment, the delay in medical care must be alleged to have resulted in substantial harm. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2001)("The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). "[S]everal hours of untreated severe pain" counts as substantial harm. *Al-Turki v. Robinson*, 762 F.3d 1188, 1194 (10th Cir. 2014); see *Chapman v. Santini*, 805 Fed. Appx. 548, 554 (10th Cir. 2020) (Inmate had "a severe form of Type 1 diabetes that require[d] specialized medical care," 3 to 6 daily insulin shots, and without such care the inmate's life was "constantly in danger." The lack of care resulted in the inmate suffering "serious bouts of hypoglycemia and hyperglycemia multiple times a week—often several days in a row—as well as multiple life-threatening bouts of extreme hypoglycemia."). The plaintiff Erwin's allegations lack any objective facts showing anything close to what was alleged in *Chapman*. The plaintiff also must allege the defendant exhibited the culpable state of mind known as deliberate indifference, that is, knowing the inmate "faced a substantial risk of harm and disregarded the risk." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The plaintiff's complaint is deficient in alleging sufficient circumstantial evidence from which to infer that a defendant failed to verify or confirm a "risk that he strongly suspected to exist." *Mata v. Saiz*, 427 F.3d at 752.
>
> As this court's screening order necessarily reflects, the plaintiff's allegations point more to a facility and staff failing to provide the plaintiff with the comfortable place he wants. Such a place in the plaintiff's judgment would rarely miss the timely delivery of a scheduled meal or medication, would correct its food mistakes within 30 minutes, would supply menus with carbohydrate information, would respond immediately to his complaints, and would accept his opinions on the right schedule for medication and meals and on his need for sliced bread over other kinds of bread. The plaintiff has failed to come forward with sufficient allegations of objective facts that present a plausible legal claim for relief or that nudge his claims from conceivable to plausible. It is not this court's duty to add these factual allegations or speculate about them.

*Id*. at 4–6 (emphasis added).

"When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. [R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.... No one, rich or poor, is entitled to abuse the judicial process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal citations and quotation marks omitted).

Case No. 22-3170 was dismissed for failure to state a claim after the Court received a *Martinez* Report. Since the Court did not specify whether the dismissal was with or without prejudice, the dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see also Fitzgerald v. Corr. Corp. of Am.,* 403 F.3d 1134, 1139 (10th Cir. 2005). Plaintiff has not appealed the decision in Case No. 22-3170. The Court, therefore, will not consider the merits of Plaintiff's claims in the instant action as they are repetitious and will dismiss this case as legally frivolous.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint is **dismissed** as repetitious and legally frivolous.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify (Doc. 5) is **denied.**

**IT IS SO ORDERED**.

**Dated January 24, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**